UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JASON HILL**,

        Plaintiff,

v.

**BANK OF AMERICA, N.A.**,

        Defendant.

Case No. 3:13-CV-00745-KI

OPINION AND ORDER

    Sandy N. Webb
    Law Offices of Sandy N. Webb, PC
    0224 SW Hamilton St., Ste 202
    Portland, OR 97239

        Attorney for Plaintiff

    Pilar C. French
    Brian T. Kiolbasa
    Lane Powell PC

Page 1 - OPINION AND ORDER

601 SW Second Ave., Ste 2100
Portland, OR 97204

    Attorneys for Defendant

KING, Judge:

Plaintiff Jason Hill alleges breach of contract and breach of good faith and fair dealing against defendant Bank of America, N.A. Pending before me is the Bank of America's Motion to Dismiss. For the following reasons, I dismiss the complaint.

## BACKGROUND

The following facts are based on plaintiff's allegations, the Bank's unopposed submission of documents to which I may take judicial notice, and the correspondence plaintiff submitted in opposing the Bank's motion to dismiss.

Plaintiff obtained a $201,822 mortgage loan on May 1, 2008, which was later assigned to Bank of America. Plaintiff defaulted on his payment obligations. On April 25, 2012, a Notice of Default and Election to Sell was filed. On August 15, 2012, plaintiff filed a complaint to stop the non-judicial foreclosure. Hill v. Bank of America, N.A., 3:12-cv-1458-MO, ECF 1 (D. Or. Aug. 15, 2012) ("2012 Litigation").

A sale of the property never took place. A Rescission of the Notice of Default and Election to Sell was filed on October 3, 2012. On October 22, 2012, the parties filed a joint motion requesting that the court stay proceedings for 90 days while plaintiff completed a loan modification application and review process. The notice alerted the court as follows:

> Since the filing of the Complaint in this case, plaintiff has expressed a desire to submit documents to Bank of America, N.A. for a loan modification review. Because resolution of this matter may be achieved through a loan modification,

Page 2 - OPINION AND ORDER

the parties request that all proceedings in this action be stayed while the loan modification review process continues.

2012 Litigation, ECF 22. The court granted the request, making a status report due on January 24, 2013.

On January 24, the parties submitted a *joint* status report indicating the following: (1) the Bank's counsel had sent plaintiff the modification application materials on October 25, 2012; (2) neither the Bank nor its counsel had received any application materials; and (3) the Bank presumed plaintiff no longer wished to seek a loan modification. As a result, the parties jointly requested the court lift the stay, reinstate the matter, and allow time for the Bank to file its responsive pleading to the complaint. The court granted the request, lifted the stay, and made the responsive pleading due February 21, 2013, with a proposed case schedule due on February 25.

Rather than a responsive pleading, on February 22, 2013, plaintiff filed an unopposed motion to dismiss the 2012 Litigation without prejudice and without costs or attorney fees to any party. The court dismissed the case with prejudice.

In the instant action, plaintiff characterizes these actions as representative of a settlement agreement. According to plaintiff, in the 2012 Litigation, the Bank agreed to stop the non-judicial foreclosure sale, withdraw a notice of default, and direct the Bank's legal department to "consider" his modification application. Compl. ¶ 7. On January 24, 2013, the Bank's attorney directed that the modification application needed to be in the next day to elevate it for review, and plaintiff filed the application. Then, on April 12, 2013, the litigation department for the Bank informed plaintiff the litigation file had been closed and the modification packet would not

be delivered to the department in charge of handling modifications. Instead, plaintiff would probably have to update his application and submit it to a different department.

Plaintiff alleges breach of contract and breach of good faith and fair dealing, with damages of $150,000 (loss of improvement made on the home and the ability to reduce the loan amount to current fair market value). Plaintiff alleges the 2012 Litigation offered him his "one option of having his modification considered." Compl. ¶ 18.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678)).

## DISCUSSION

The Bank moves to dismiss for failure to state a claim. Specifically, the Bank disputes that plaintiff has alleged a contract, that he complied with any contract, or that any breaching conduct damaged him.

In order to allege a claim for breach of contract, plaintiff must "allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff." Slover v. Or. State Bd. of Clinical Social Workers, 144 Or. App. 565, 570-71, 927 P.2d 1098 (1996). The implied duty of good faith and fair dealing attaches only to a contract. Uptown Heights Assoc. Ltd. P'nship v. Seafirst Corp., 320 Or. 638, 644-45, 891 P.2d 639 (1995).

First, the Bank contests that plaintiff has alleged facts to support the existence of a contract. Plaintiff agrees the complaint does not specify the facts necessary to support his cause of action, but he is willing to amend his complaint to allege the Bank "agreed to stop the non-judicial foreclosure and withdr[a]w their notice of default and agreed to consider the modification application in return for the dismissal of the federal lawsuit alleging problems with the foreclosure." Pl.'s Opp. 4.

The problem with plaintiff's proposal is that the evidence in the 2012 Litigation contradicts his newly proposed allegations. As an initial matter, the parties' joint request for a stay in the underlying litigation indicated any promise by the Bank to review plaintiff for a loan modification was not a settlement in and of itself, but was a means of achieving settlement. The parties jointly informed the court, in support of their motion to stay the litigation, that resolution "*may* be achieved through a loan modification[.]" 2012 Litigation, ECF 22 (emphasis added). Even assuming, however, that the parties contemplated a loan modification review in exchange for a dismissal, plaintiff's motion to dismiss his complaint *without* prejudice, thereby allowing him to file his complaint at any time in the future, does not suggest adequate consideration.

Page 5 - OPINION AND ORDER

Second, and more importantly, plaintiff has not and cannot plead full performance. In the underlying litigation, the parties advised the court on January 24, 2013 that plaintiff had not submitted a modification application and they jointly requested reinstatement of the case. Plaintiff does not explain why he did not submit his application during the 90 days allotted by the court for the stay and he does not explain why he jointly sought to reinstate the case if his intent was to "settle" for a loan modification review.

Plaintiff attaches to his response a series of emails between plaintiff's counsel and the Bank's counsel, suggesting he could attach them to an amended complaint to support his factual allegations.[1] In the first series of emails, taking place on October 1, 2012, the Bank's counsel suggested plaintiff stay the case for 90 days while the Bank considered a loan modification. In response, plaintiff's counsel asked whether the Bank would accept previously submitted paperwork, explaining that her client had been "burned out" on the process–a previous modification had failed and the Bank had refused to explain why. The Bank's counsel responded with a no, but indicated, "However, I can tell you that rather than going through the 'regular' channels, this time his packet would be routed through me directly to the bank's legal department, which can oversee his application and make sure it is followed up on." Pl.'s Ex. A, at 1. Contrary to plaintiff's characterization of these emails, nothing in these communications indicates plaintiff submitted a completed modification application that satisfied the Bank.

In the second series of emails, on April 12, 2013, the Bank's counsel informed plaintiff's counsel that when the underlying lawsuit was dismissed in February, "the loan returned to

---

[1] Plaintiff's counsel simply attaches the emails to her opposition memoranda. Pursuant to Federal Rule of Civil Procedure 43(c), she should have attached them to a declaration. In the interests of judicial economy, I consider these attachments in resolving the Bank's motion.

normal servicing [since] his full packet was not received until March 5, after the litigation file was closed." Id. at 3. Counsel explained plaintiff "may need to submit his documents again through the 'normal servicing' channels to be considered for a loan modification." Id. The Bank's counsel set out the timeline: the Bank had sent the modification packet to plaintiff on October 25, 2012; on January 10, 2013, the Bank's counsel followed up, explaining no documents had been submitted; on January 29, plaintiff produced a preliminary application; on February 8, the Bank's counsel itemized the additional materials plaintiff needed to submit; on February 22, when the complaint was dismissed, servicing responsibilities for the loan were transferred from the litigation department; plaintiff did not produce all of the materials to complete his application until March 5. Again, nowhere in the email chain is it noted that plaintiff had submitted a complete loan modification packet prior to dismissal of the 2012 Litigation. In fact, the Bank's counsel explained that the packet was late and incomplete. Indeed, because plaintiff failed to submit his loan modification application, he jointly requested reinstatement of the underlying litigation in January 2013. Plaintiff dismissed his case without prejudice, and without informing the court that the 2012 Litigation had been settled. These facts of record do not support plaintiff's proposed allegations that he dismissed the 2012 Litigation as part of a settlement requiring the Bank's legal department to review his loan modification application. Because plaintiff is unable to allege facts to support the existence of a contract, or his performance, plaintiff has not alleged a plausible claim for relief.

Since plaintiff's failure to allege the facts necessary to support the first two elements of a breach of contract claim is dispositive, I do not reach the Bank's challenge to plaintiff's damage allegations.

## CONCLUSION

For the foregoing reasons, I grant the Bank's Request for Judicial Notice [7] and grant the Bank's motion to dismiss [4]. This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this    27th    day of August, 2013.


                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge